**Cesar Eduardo PEREZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73226.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Robert G. Berke, Esquire, Berke Law Offices, Canoga Park, CA, for Petitioner.

Walter Bocchini, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Cesar Eduardo Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder,* 759 F.3d 977, 982 (9th Cir.2014). We deny in part and dismiss in part the petition for review.

Under the modified categorical approach, the criminal complaint and minute

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

order, considered together, establish by clear and convincing evidence that Perez pleaded guilty to the sale of methamphetamine under California Health & Safety Code § 11379(a). *See id.* at 984–86 (holding that similarly structured statute, Cal. Health & Safety Code § 11377(a), is divisible and subject to the modified categorical approach); *Cabantac v. Holder*, 736 F.3d 787, 793–94 (9th Cir.2013) (per curiam) ("[Where] the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."). Accordingly, the agency properly concluded that Perez is removable for having committed an offense "relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i).

Perez contends that this court's decision in *Coronado v. Holder* should be reexamined, but in the absence of an intervening Supreme Court or en banc decision, "[a] three-judge panel cannot reconsider or overrule circuit precedent." *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir.2011).

Perez contends that the criminal court's reference, in post-conviction proceedings, to Perez' arrest report casts doubt on whether his conviction involved a federally-controlled substance and that, accordingly, the agency could not identify the controlled substance involved without reviewing the related police report. This argument fails because the criminal court did not incorporate the arrest report into the record of conviction and, therefore, the agency properly concluded that it could not consider it. *See Fregozo v. Holder*, 576 F.3d 1030, 1033 n. 1 (9th Cir.2009) (where police reports were not incorporated by reference into petitioner's plea or the record of conviction, they could not be

considered under the modified categorical approach).

We lack jurisdiction to consider Perez' unexhausted contention that the federal and California definitions of methamphetamine are not coextensive. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**